UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 07-60314-CIV  COOKE/BROWN**

BEVCO SALES, INC.,

      *Plaintiff*,

v.

SUPERVALU, INC.,

      *Defendant*.

      /

### <u>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND</u>

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Remand **[DE 13]**, filed

April 5, 2007.  As the response and reply have been filed, the matter is ripe for adjudication.

The instant action is based upon state-law-based claims concerning a contract dispute.

The purported basis for this Court's jurisdiction over the subject matter in this case is diversity of

citizenship under 28 U.S.C. §§ 1332, 1441, and 1446.  "Diversity jurisdiction exists where the

suit is **between citizens of different states** and the amount in controversy exceeds the statutorily

prescribed amount, in this case $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319

(11th Cir. 2001) (emphasis added); *see also Wisconsin Dept. of Corrections v. Schacht*, 524 U.S.

381, 388 (1998) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990)).  "A removing

defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent-*

*A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote and citations omitted) (quoting *Williams*,

269 F.3d at 1319-20.).  Courts should strictly construe the requirements of 28 U.S.C. §1441

(removal jurisdiction) and remand all cases in which such jurisdiction is doubtful.  *See Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Moreover, removal statutes are construed

narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In the case at bar, the Defendant claims diversity jurisdiction, but the Plaintiff retorts by asserting that complete diversity does not exist because the Plaintiff and Defendant are both Delaware corporations.   The Court has examined the record and finds the Plaintiff's position to be well-supported.  Complete diversity does not exist and, therefore, this Court lacks jurisdiction over the matter.  Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1.       The Plaintiff's Motion For Remand **[DE 13]** is **GRANTED**.  This Matter is **REMANDED** back to the Circuit Court for the Seventeenth Judicial Circuit of Florida pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

2.       The Clerk of the Court is directed to **CLOSE** the case and **DENY** all pending motions *as moot*, and to take all necessary steps and procedures to effect the expeditious remand of the above-styled action and transfer this file back to the Seventeenth Judicial Circuit of Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Magistrate Judge Stephen T. Brown*
*All Counsel of Record*
*Clerk of the Circuit Court for the Seventeenth Judicial Circuit of Florida*